EPHRAIM BUTCHER *et al.* v. JAMES C. AULD *et al.*

*Error from Atchison County.*

On the trial of an action between partners for an accounting before a referee, one of the plaintiffs below being on the stand—a witness for himself—and having admitted that he had received and disposed of bonds belonging to the firm, *held* that it was error for the referee to refuse on cross-examination, an inquiry, whether it was not a fact that he had used the proceeds in payment of private debts,—the object of the investigation being to discover what had become of the assets of the firm.

In such case one of the defendants below having testified that he and his sisters kept a boarding-house for the firm, and that he was to receive $60 per month for that service, where such contract was claimed to be in parol, and was denied by the adverse party, *held* that it was error for the referee to reject evidence of the value of the services, as the existence of such contract might be disproved, which the party rendering the services might anticipate, and in which case, he would be entitled to the value of his services.

The Supreme Court is not now authorized to dismiss a petition in error for the reason that it was not brought up within thirty days after notice.

This action arose in Atchison county—was brought by the defendants in error against the plaintiffs in error, November 14th, 1860, claiming a copartnership with them in the business of contractors in building of railroads, alleging the existence of long copartnership accounts, a want of assets on the closing up of the affairs of the copartnership in March, A. D. 1856, that the plaintiffs below had drawn from the proceeds of the firm $2,378.69, and the defendants below $7,244.90, claiming judgment for $2,-433.10, with interest, &c.

The defendants set forth as defenses: 1st. The two years statute of limitations. 2d. An admission of the partnership, but that plaintiffs did not furnish their share of the capital stock—that the accounts were incorrect, praying an accounting and judgment. To this answer a demurrer and a reply were interposed. The action was, by the court,

with consent of parties, ordered to be referred to John M. Price, as special master, to take a mutual account and report.

The main questions involved in this case arose upon the trial before the referee, the facts relating to which are fully set forth in the subjoined opinion.

The referee filed a report in which he found the facts and the law, and in favor of the plaintiffs below for $1,-974.86, with interest. A bill of exceptions was allowed by the referee, presenting the rulings complained of in this proceeding, and exceptions were taken to his report.

The case was argued in Supreme Court by *G. W. Glick*, for plaintiffs, and by *Cassius G. Foster*, for defendants in error.

*Otis & Glick*, for plaintiffs in error, submitted:

1st. The discretion of the court with relation to the admission of testimony, is controlled by certain fixed rules of law. 1 *Gr. Ev.*, sec. 467; 2 *Phil. Ev.*, 407-8-9 ; 2 *C. & H. Notes to Phil. Ev.*, 701, *note* 360; 1 *Shark Ev.*, 180 ; *McCracken* v. *West*, 17 *Ohio*, 16, 24.

2d. As to admissibility of questions on cross-examination of plaintiff below as to what became of the proceeds of the company bonds which he stated he disposed of, was cited, *Moody* v. *Rockwell*, 17 *Pick.*, 490, 491-2-3. Defendant had a right to inquire what became of the proceeds, and by leading questions.

3d. As to the evidence of the value of the services of defendants below in keeping boarding-house for the company, it was contended that failure to prove the contract as claimed would not deprive the party of the value of his services, and the inquiry was material.

*Cassius G. Foster*, for defendants in error, submitted:

1st. No motion for a new trial was made in the court

below. This court cannot pass upon the exceptions to the report of the referee, without some action of the court below thereon. *Code, sec.* 301.

2d. No motion to vacate the report was made in the court below. The questions involved in the record are not, therefore, in a condition to be available to plaintiffs in error. *Dunning* v. *Smith*, 2 *Wend.*, 303; *Lakin* v. *N. Y. & E. R. R. Co.*, 11 *How.*, 412; *Civil Code, secs.* 307, 309, 310, 555.

The petition in error was not in time. *Sec.* 4, *Amend. to Code of* 1860. See *Civil Code, secs.* 527, 535; *Mamida* v. *Dowling*, 4 *Ohio S.*, 500.

3d. The exceptions were not material. *Holester et. al.* v. *Resener*, 9 *Ohio St.*, 1; *Scoven* v. *State*, 6 *Id.*, 288; *Reynolds* v. *Ex. of Rogers*, 5 *Ohio*, 171; *May* v. *State*, 14 *Id.*, 467, 502; *Whidden* v. *Seeley*, 40 *Maine*, 256; 2 *Comst.*, 98; 1 *Ala.*, 517; *Nash Pr.*, 550; 17 *Ohio*, 495; 7 *Id.*, 212; 5 *Id.*, 509; 7 *Iredell*, 243; 12 *Wend.*, 404; 6 *Duer*, 102; 2 *E. D. Smith*, 58, 496.

4th. They are technical, 1 *Ohio*, 357; 5 *Id.*, 109; 2 *Ohio St.*, 167.

5th. As to construction of exceptions, 9 *Ohio St.*, 1; 18 *Ala.*, 719; 21 *Id.*, 204; 40 *Maine*, 278; 7 *Miss.*, 293.

6th. Plaintiff in error must show error affirmatively.

7th. As to rejecting evidence of the disposition of the proceeds of the bonds sold by plaintiffs in error. 1 *Gr. Ev. sec.* 440-41; *Crowell* v. *W. R. Bank*, 3 *Ohio St.*, 406. The plaintiffs were charged with those bonds; where their proceeds went to becomes immaterial, and the court had a discretion to reject the evidence. 1 *Greenl. Ev., sec.* 449.

8th. Evidence of the value of the services in keeping boarding-house was rightly rejected, as the party offering it claimed it on contract, in which the price was fixed. The price agreed upon is the only admissible evidence of value.

*By the Court,* CROZIER, C. J.

The action in the court below was instituted by the defendants in error to recover of the plaintiffs in error, certain moneys alleged to be due them on a partnership account. The determination of the case requiring an investigation of mutual accounts and an examination of the books of the partnership, it was sent to a referee for trial, whose report was confirmed and judgment rendered thereon for defendants in error.

During the trial before the referee, certain exceptions were taken to his rulings upon the admissibility of testimony, among which were the following:

One of the plaintiffs below being upon the stand as a witness on his own side of the case, having admitted that he had received and disposed of to sundry persons certain railroad bonds belonging to the firm, was asked on cross-examination if it was not a fact that he had used the proceeds in payment of private debts? To the asking of which questions the opposite party objected, and the objection was sustained.

The object of the investigation being to discover what had become of the assets of the firm, how much each had put in, and each had taken out, the party asking the question had a right to show what had become of these bonds. When they were sold the proceeds belonged to the firm, and if the party who received the proceeds had applied them to the payment of his private debts, he was to that extent indebted to the firm. The plaintiffs in error had a right to know whether he had accounted to the firm for them, and the readiest way to ascertain that fact was to interrogate the man who had received and sold them. The referee erred in sustaining the objection.

One of the plaintiffs in error having testified that he and his sisters kept a boarding-house for the firm, and that he was to receive sixty dollars per month for that service, was asked the value of those services, to which question ob-

jection was made and sustained. This was error. The contract, if there was one at all, was a parol one, the existence of which was denied by the other party; testimony might be introduced denying its existence, sufficient to overcome the proof in support of it, in which event the party rendering the services would be entitled to what they were reasonably worth. He was not obliged to wait until the countervailing proof was in, but had a right to anticipate that contingency. Such has always been the rule. The referee erred in excluding it.

Many other questions are made, but as the foregoing require a reversal of the judgment, and the remainder are not likely to arise in another trial of the cause, they need not be considered.

It was claimed on the part of the defendants in error that because the cause was not brought to this court within thirty days after what was supposed to be notice, it ought to be dismissed.

It is sufficient in this behalf to say that before the hearing in this court an act was passed prohibiting the court from dismissing a cause for that reason.

The judgment of the court below is reversed and the cause sent back with instructions to that court to set aside the report of the referee.

All the justices concurring.